# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLAKELY ADAM DART, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOARD OF CITY COMMISSIONERS OF ) <br> THE CITY OF ANTHONY, KANSAS, ) <br> and/or THE CITY OF ANTHONY, ) <br> KANSAS; DANIEL LEVENS; THE ) <br> BOARD OF COUNTY COMMISSIONERS ) <br> OF HARPER COUNTY and/or HARPER ) <br> COUNTY KANSAS; SCOTT McCANN ) <br> and TAMARA CRAWLEY, ) <br> ) <br> Defendants, ) <br> ) <br> ) | Case No. 12-1261-JWL |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for leave to amend his complaint to add Count III which is titled "state law excessive force and assault and battery." (Doc. 18). Defendants oppose the motion. For the reasons set forth below, the motion to amend shall be DENIED WITHOUT PREJUDICE.

## **Background**

Highly summarized, plaintiff alleges that Deputy Scott McCann violated the First,

Fourth, Fifth, Sixth, and Eighth Amendments and 42 U.S.C. § 1983 by using pepper spray and a taser on him while he was in custody in the Harper County jail booking area. Plaintiff contends that Officer Daniel Levens and Deputy Tamara Crawley violated his rights because they were in a position to stop McCann's unlawful actions but failed to intervene. Deputies McCann and Crawley are employed by the Harper County Sheriff's Department and Officer Levens is employed by the City of Anthony. Plaintiff also named the county and city as defendants, alleging that the actions of the individual defendants were "taken pursuant to official and explicit policy, practice, and procedure."

## Motion To Amend

The standard for permitting a party to amend his pleading is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including

---

[1] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). "Untimeliness alone may be a sufficient basis for denial of leave to amend." Las Vegas Ice & Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Circuit, 1990). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id., (quoting State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405 (10th Cir. 1984).

The "City Defendants" oppose the motion to amend, arguing that plaintiff's counsel agreed to withdraw the motion "insofar as it applies to" the City of Anthony and Daniel Levens. (Doc. 27-1).[2] The court recognized this agreement in a March 12, 2013 text order. (Doc. 33).

The "County Defendants" oppose the motion to amend, arguing that the amendment is futile.[3] Specifically, the County Defendants argue that plaintiff's motion was not timely filed under the Kansas Tort Claims Act (the "KCTA") and that plaintiff's state tort claim is barred by the one-year statute of limitations for assault and battery. K.S.A. § 60-514b(d). Plaintiff counters that the County Defendants misinterpret the nature of his amended claim

---

[2] For purposes of this opinion only, the court reluctantly adopts defense counsel's reference to their clients.

[3] The "County Defendants" are "the Board of County Commissioners of Harper County and/or Harper County, Kansas, Scott, McCann and Tamara Crawley." Defendants contend that the KTCA applies to both claims against the municipality and claims against the municipality's employees arising out of the course and scope of their employment. (Doc. 28, p. 3).

-3-

and he is asserting a "state law excessive force claim" *based on negligence*; thus, a two-year statute of limitations applies and the amendment is not futile. Plaintiff also "clarifies" in his reply brief that "the individual Anthony and Harper County officers have already been properly and timely sued for state law assault and battery (Original Complaint paragraphs 19-31) because they were individually named in the original complaint." (Reply Brief, Doc. 34, p. 16).

The problem with plaintiff's motion is that the original and proposed amended complaints are poorly drafted and do not match the "clarifications" and "explanations" provided in his reply brief. For example, as mentioned above, plaintiff asserts in his reply brief that the individual defendants were "timely sued" for *state law* assault and battery *in the original complaint.* (Doc. 34, p. 4). The court does not agree. Counts I and II of the original complaint unequivocally allege that the individually named defendants violated plaintiff's civil rights under the United States Constitution. Counts I and II do not seek relief from the individually named defendants or their employers based on state tort law.

Plaintiff's proposed amended Count III contains a number of ambiguities. Although plaintiff contends he is alleging a state tort claim for excessive force based on negligence, nowhere in Count III does the amended complaint reference negligence or breach of a duty

of care owed to plaintiff.[4] Instead, he alleges a claim based on "the Kansas State Tort of application of excessive force and/or assault and battery." (Doc. 18-1, paragraph 47). Under the circumstances, the County Defendants' belief that plaintiff was pursuing a tort governed by the assault and battery statute of limitations is understandable.

Plaintiff also alleges in his proposed Count III that "defendants Scott McCann *and others described herein*, committed the Kansas State Law Tort of . . . ." (Emphasis added). The term "and others described herein" is inherently ambiguous because it is unclear whether "herein" refers to the entire complaint or a more narrow portion of the complaint.

**Summary**

The proposed amended complaint attached to plaintiff's motion is inadequate because it does not reflect plaintiff's agreement to withdraw his amended allegations against the City Defendants. Equally important, the proposed amended complaint does not contain allegations against the County Defendants that match the arguments raised in his reply brief.

---

[4] Plaintiff argued in his four-paragraph motion to amend that he was asserting "the state law tort claim of excessive force applied by law enforcement officers and assault and battery." Citing Nemecheck v. City of Garden City, 233 P. 3d 314 (Table), 2010 WL 2720668 (Kan. App. Ct., July 2, 2010)." Nemecheck is an "unpublished" Kansas Court of Appeals opinion and plaintiff's counsel in that case is plaintiff's counsel in this case. Nemecheck holds: "in Kansas, no tort of 'excessive force' exists; a plaintiff must instead bring tort claims that are recognized under Kansas law, like battery, outrage, and negligence." Id. at *3. Plaintiff's brief reference to Nemecheck does not shed light on whether plaintiff in this case is seeking to recover based on negligence, battery, or some other recognized Kansas tort. Equally importantly, Nemecheck illustrates legal errors that can occur at the trial court level when the nature of the underlying tort is not clearly defined.

Under the circumstances, the motion to amend shall be DENIED WITHOUT PREJUDICE and plaintiff is granted leave to refile his motion to amend. Any proposed amended complaint shall set out plaintiff's theories of recovery separately and defendants shall be linked to his theories of recovery by name. General references to "defendants" in the proposed amended complaint are unacceptable.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 18)** is **DENIED WITHOUT PREJUDICE.** Plaintiff shall refile his motion to amend, consistent with the above rulings by **April 12, 2013.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 2nd day of April 2013.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge